UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZARAGOZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. CARRILLO, *et al*.<br><br>　　　　　Defendants. | Case No. 1:19-cv-01752-NONE-JDP<br><br>ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE-TERMINATION RULE<br><br>FORTY-FIVE-DAY DEADLINE |

Plaintiff Paul Zaragoza is a state prisoner proceeding without counsel in this civil rights action. Plaintiff argues that prison officials filed a false rules-violation report against him, leading to worse housing and a loss of good-time credits. ECF No. 1 at 3. He requests money damages. *Id*. at 6.

Habeas relief (or a similar action) is the exclusive remedy for a prisoner challenging the fact or duration of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Even if plaintiff wishes to obtain relief other than a reduction in his sentence—relief that might properly be channeled through a civil rights complaint rather than a habeas petition—plaintiff would first need to show that his sentence has been invalidated. *See Heck*, 512 U.S. at 487. This logic applies not just to the original conviction and sentence, but also to internal prison procedures that affect good-time credits. Here, the Supreme Court's opinion in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), squarely applies: "[A] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the

1

invalidity of the punishment imposed [like the loss of good-time credits], is not cognizable under § 1983."

Accordingly, the court orders plaintiff to demonstrate that the prison procedure resulting in plaintiff being re-housed and losing credits has been invalidated. If plaintiff cannot, we will recommend that his claims be dismissed as barred by the so-called favorable-termination rule of *Heck v. Humphrey*, as applied in cases like *Edwards v. Balisok*.

Plaintiff may wish to file an action in state court—rather than one here in federal court—challenging the outcome of the prison's procedure. If plaintiff succeeds in such a state court action, he may then become eligible for relief in federal court under 42 U.S.C. § 1983.

**ORDER**

1. Plaintiff has forty-five days to show cause why his claim should not be dismissed as barred by the favorable-termination rule.

2. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated: April 3, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.