1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

PAUL ZARAGOZA,

Case No. 1:19-cv-01752-NONE-JDP

11

Plaintiff,

FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED UNDER THE FAVORABLE-TERMINATION RULE

12

v.

13

D. CARRILLO, *et al*.

OBJECTIONS DUE IN THIRTY DAYS

14

Defendants.

15

16       Plaintiff Paul Zaragoza is a state prisoner proceeding without counsel in this civil rights

17 action.  Plaintiff's complaint argues that prison officials filed a false rules-violation report against

18 him, leading to a loss of good-time credits.  ECF No. 1 at 3.  He requests money damages.  *Id*. at

19 6.  On April 3, 2020, the court ordered that plaintiff show cause why his complaint should not be

20 dismissed as barred by the favorable-termination rule.  ECF No. 11.  On May 20, plaintiff

21 responded.  ECF No. 12.  Because the response fails to show why the favorable-termination rule

22 does not apply, we recommend that the case be dismissed.  Again, plaintiff may wish to file an

23 action in state court—rather than one here in federal court—challenging the outcome of the

24 prison's procedure.  If plaintiff succeeds in such an action, he may then become eligible for relief

25 in federal court under 42 U.S.C. § 1983.

26       Habeas relief (or a similar action) is the exclusive remedy for a prisoner challenging the

27 fact or duration of his confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  Even if

28 plaintiff wishes to obtain relief other than a reduction in his sentence—relief that might properly

1   be channeled through a civil rights complaint—he would first need to show that his sentence, or

2   the unlawful extension of his sentence, had been invalidated.  *See Heck*, 512 U.S. at 487.  This

3   logic applies not just to the original conviction and sentence, but also to internal prison

4   procedures that affect good-time credits.  Here, the Supreme Court's opinion in *Edwards v.*

5   *Balisok*, 520 U.S. 641, 648 (1997), squarely applies: "[A] claim for declaratory relief and money

6   damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily

7   imply the invalidity of the punishment imposed [like the loss of good-time credits], is not

8   cognizable under § 1983."

9         In his response to the order to show cause, plaintiff argues that his complaint can be

10   understood through the lens of either equal protection or due process.  *See* ECF No. 12.  But this

11   response cannot cure the favorable-termination problem.  An equal-protection claim that plaintiff

12   was subject to "irrational and wholly arbitrary" treatment, *see Vill. of Willowbrook v. Olech*, 528

13   U.S. 562, 565 (2000), or due-process claim that plaintiff was charged using fabricated evidence,

14   *see Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001), are still theories that would

15   "necessarily imply the invalidity of the punishment imposed" and are therefore not cognizable

16   under § 1983, *Edwards*, 520 U.S. at 648.

17         Accordingly, the court recommends that this action be dismissed under the favorable-

18   termination rule of *Heck v. Humphrey*, as applied in *Edwards v. Balisok*.

19         This recommendation will be submitted to a U.S. district judge presiding over the case

20   under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 30 days of the service of the

21   findings and recommendations, the parties may file written objections to the findings and

22   recommendations with the court and serve a copy on all parties. That document must be

23   captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding

24   district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

25

26

27

28

IT IS SO ORDERED.

Dated:    June 15, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.