1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL ZARAGOZA,                          No.  1:19-cv-01752-NONE-JDP

12            Plaintiff,                       ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS TO DISMISS CASE
13        v.                                   UNDER THE FAVORABLE-TERMINATION
                                               RULE
14    D. CARRILLO, *et al.*,
                                               (Doc. No. 13)
15            Defendants.

16

17        Plaintiff Paul Zaragoza is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18    civil rights action 42 U.S.C. § 1983.  Plaintiff, who is presently incarcerated at the California

19    Correctional Institution ("CCI"), complains that defendant Carrillo issued a false prison

20    disciplinary report against plaintiff, resulting in plaintiff: (1)  receiving a 48-month placement in

21    the Special Housing Unit ("SHU") at CCI; (2) losing good time credits; (3) being referred to the

22    Kern County District Attorney's Office for possible prosecution.  (Doc. No. 1 at 3.)  This matter

23    was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

24    Rule 302.

25        On June 16, 2020, the assigned magistrate judge issued findings and recommendations

26    recommending that this action be dismissed under the favorable-termination rule announced in

27    *Heck v. Humphrey*, 512 U.S. 477 (1994), reasoning that *Heck* bars any civil rights claim that

28    would undermine the basis for the internal prison disciplinary determination that impacted

plaintiff's good time credits.  (Doc. No. 13.)  Plaintiff timely objected to the findings and recommendations on July 10, 2020.  (Doc. No. 14.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.  Plaintiff's objections are founded upon what appears to be his misunderstanding of the *Heck* doctrine.  He emphasizes that to the extent any criminal process was initiated by the Kern County District Attorney, that criminal prosecution has been dismissed.  (*Id*. at 2.)  However, the dismissal of that criminal prosecution does not resolve the *Heck* concern entirely.  Rather, in order to seek money damages under § 1983 for any loss of good time credits, plaintiff would first have to demonstrate that the internal prison disciplinary proceeding that led to the loss of those good time credits had been invalidated, reversed, or otherwise overturned.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed [like the loss of good-time credits], is not cognizable under § 1983.").  The court also agrees with the magistrate judge's conclusion that any of the various theories upon which plaintiff frames his claims would necessarily imply the invalidity of the prison disciplinary proceeding.

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations issued on June 16, 2020, (Doc. No. 13), are adopted in full;

2.     This action is dismissed as barred by *Heck v. Humphrey*;

3.     The Clerk of the Court is directed to assign a District Judge to this case for the purpose of closing the case; and

4.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 6, 2020**                    _____

UNITED STATES DISTRICT JUDGE

2